All right Mr. Morales-Doyle I proceed. Thank you your honor. Good morning and may it please the court. My name is Patrick Morales-Doyle on behalf of the City of Chicago. This is an interlocutory appeal of an order certifying two Rule 23b3 damages classes. For each class the district court misconstrued the claims that were at issue, made legal errors in analyzing those to appropriately analyze Rule 23's predominance and adequacy requirements. There are some overlapping issues between the two cases or between the two classes excuse me. I'm going to try to focus to try to make things clear focus first on the tow class and then move on to the vehicle disposal class. But before I delve into the tow class what is true of both classes is that Ms. Santiago seeks to pursue claims challenging the city's notice practices in situations where the unique facts of her case show she received actual timely notice. First of the impending tow of her vehicle and then of the impending disposal of her vehicle. These facts unique to Ms. Santiago's tow and disposal not only make her an inadequate class representative to represent classes of vehicle owners on these claims but they also illustrate the types of individual issues that would predominate if these claims have to be tried on a class-wide basis. For both classes there's three themes that I probably want to touch on throughout the the discussion today. First is the series of legal errors that the district court made that led it to forego the required rigorous analysis of predominance and adequacy. Second is that disconnect between Ms. Santiago's facts and the theories she's trying to pursue on behalf of the classes. And finally is Ms. Santiago's attempts to recast her claims or shift the legal theories she's pursuing either to adjust to those inconvenient facts or to adjust to the errors in the district court's decision. Turning to the tow class. The tow class concerns the city the tow class claims concern the city's practice related to the city's notice practices related to the city's towing of certain abandoned vehicles. The key fact central to this appeal for the tow class is that Ms. Santiago through her daughter Ms. Velez received actual timely notice that her vehicle was going to be towed as abandoned. The claim the pleaded claim she's of the tow class is that the city violated her due process rights by providing her pre-tow notice via a sticker attached to her her vehicle rather than via a mail notice. But in her case the sticker notice was undoubtedly effective. It got to the driver of the vehicle it informed the driver of the vehicle of what to do to avoid the abandoned vehicle tow which is by moving the vehicle within the time period. So what what the disconnect is is between those facts and the due process claim she she she seeks to bring. For both of the the requirements rule 23 requirements that issue for the tow class predominance and adequacy the court below the district court made a legal error that led it not to analyze that key fact and how that key fact of her actual notice affects the predominance amount and inadequacy requirements. For the the predominance requirement under rule 23b3 the court accepted uncritically that what she was bringing was a facial challenge to the city's abandoned vehicle ordinance but that's not the case. What she's challenging is this notice practice as applied to her. She's not raising a challenge to the ordinance at all. The ordinance doesn't speak to what notice is or is not required nor does the due process clause require the state or a municipality to codify its notice practices. What the due process clause requires is reasonable notice under the circumstances when there's going to be or there has been a deprivation of property. That's all it requires reasonable notice under the circumstances. Mr. Morales-Doyle let me can I ask you one question on this aspect? Yes your honor. If what you just said over the last 30 seconds or so is correct why haven't you argued that Ms. Santiago lacks article 3 standing? Your honor what we're here on is not on a because we're here on a rule 23 appeal we're not here on the merits of her claim. The city did bring a motion to dismiss. Some of the claims were dismissed. These claims were not. I believe that the city has a strong defense that she either lacks standing or that the claim just fails on the merits because she wasn't negatively impacted by the government conduct that she's complaining about. Let me let me ask the question a different way. If if what you said is correct that she received notice of the towing through her daughter's awareness of the sticker Ms. Velez's awareness of the sticker. How do we have subject matter jurisdiction? Well I again I think if I this court has subject matter jurisdiction pursuant to rule 23 but I think your honor raises a good I don't think that she has standing to raise the due process claim that she's attempting to pursue because she received actual notice of the thing she's complaining about. Right the only the only way the only way that I can think that she has standing is if in fact she brought a facial well and maybe not even then but in fact she brought a facial challenge. Go ahead. And I think we addressed that in the brief. She characterized her claim as a facial challenge but initially although I think in her response brief before this court she pretty strongly backs off that position. It's not a facial challenge to the ordinance. The ordinance doesn't speak to the issue that she's complaining about which is the method of notice. What what she's done to try to save her claim and adjust to the district court's decision and adjust to the fact that Ms. Velez undisputedly testifies that she got the notice and reacted to the notice is she tries to shift her claim from a method of notice claim a complaint that the city violated due process by providing a sticker notice rather than a mail notice into a series of different claims about the content of the notice essentially or in some way some challenge to the language in the ordinance. But but the sort of logical flaw in shifting from a method of notice claim to a claim about the content of the notice is that that's the people impacted by those two potential claims are mutually exclusive. If your complaint is that the city should have provided you notice via the mail rather than via a sticker affixed to your car then the necessary predicate to prevailing on that claim is that you didn't receive the notice that the city provided. You didn't get this sticker. You needed to mail it to me. It was unreasonable for you not to mail it to me. I didn't get the sticker and that injured me. Meanwhile a challenge to the content of the notice which is where she tries to shift her claims necessarily requires that you receive the sticker notice because in order to be injured by whatever is printed on the sticker notice you obviously have to have picked it up and relied on it in some way or claimed to have been misled by it in some way. And what's really interesting in this case is that Ms. Santiago doesn't fit into either of those two categories because not only did Ms. Velez receive the sticker notice undisputedly but she also understood what the sticker notice was telling her and it was telling her to move her car within the time period. She understood that and she claims to have done so. So she really has no whether it's recast as a method of notice claim or the content of the notice she does not have a notice due process claim and what seems to be her underlying complaint with what happened here is some allegation that her vehicle was wrongfully towed but that's not the claim that was certified as a class and it's not a claim that could be adjudicated class-wide. So that's a big problem for the tow class and it's that fact and the district court's failure to grapple with the actual notice that led it to make errors in both that avoided it in the predominance analysis based on the assumption that she was making a facial challenge and and the incorrect conclusion that with facial challenges you don't need that individual issues are irrelevant. That's wrong as we explained in our brief but that was the mechanism that the district court used to avoid addressing the actual notice facts on the tow class. In the same way it was this decision about how whether she could challenge the content of the notice which again led the court not to address the the elephant in the room which is her actual notice when analyzing the the adequacy when when discussing the adequacy requirement of rule 23. Given the time I'm going to shift quickly to the vehicle disposal class. Again like with the tow class with the vehicle disposal class it concerns the city's notice practices not pre-tow but the notice practices that precede the city's disposal of vehicles from that are go on claim from the pound and again the key fact here is that through her daughter Ms. Santiago had actual pre-disposal notice that her van had been impounded and would be disposed of if not reclaimed timely. It is uncontested that the city sent two notices to Ms. Santiago and her claim is that the city didn't follow the didn't strictly comply with the statutory provisions by sending those two notices on the same day rather than on two different days. But in her case regardless of when the two notices were mailed regardless of the timing of the two notices her daughter had actual notice that the van had been impounded. What is perhaps not surprising when thinking about the impoundment of a vehicle the way her daughter testified that she realized the vehicle had been impounded is that she went outside and it wasn't there. I imagine that's often the case with how someone first finds out that their vehicle wasn't pounded and she made phone calls and discovered where it was in fact visited the pound where it was located weeks before it was disposed of but failed to bring the required authorization to get the vehicle out. And so again that completely undermines her notice claim. There's a disconnect between the claim she's trying to pursue on behalf of the class and the facts of her own case and again the district court didn't address that fact either in its predominance analysis or in its adequacy analysis. I see I'm over my time and I'd like to reserve the rest for rebuttal if if there are no further questions right now. Good morning my name is J.C. Zoll and I represent a plaintiff in this matter. I'll start by addressing the the city's first point in their argument and that is that their assertion which we disagree with by the way but their assertion that Ms. Santiago received actual notice through her daughter. Lost on the city's argument is that this case is not just about lack of mailed notice. It's about lack of mailed notice and opportunity for a pre-deprivation hearing prior to the tow. That's what this case is about that's why the Matthews test is involved because the the central issue in this case is whether before the city can seize a private citizen's vehicle whether they need to provide a pre-deprivation hearing and whether it's through the lack of mail notice or the failure to provide for a hearing in the sticker notice is immaterial. It simply does not provide for for the class that was certified those vehicle owners that lack current registration a mechanism to contest the finding of a window sticker which is I believe on page id number 602 in the record and compare that to the actual mailed notice that goes out to non-class members those those vehicle owners who have current registration. The mailed notice is at page id number 606. They are substantively different. The mailed notice provides that for a hearing and it states that if you do not show up to the hearing we will deem your vehicle abandoned and tow it. The window sticker says nothing of the sort. It doesn't provide any information on how to obtain a hearing. The city's practice is to not provide for a hearing for vehicles that lack current registration so all this claim about whether she saw the window sticker or not is a red herring because irrespective of whether she saw it or not it does not provide any information on how to obtain a hearing. There is no information required under due process and the holding in Memphis Light which we believe is very very close if not entirely on point. In Memphis Light there wasn't no. Mr. Zolna can I can I stop you there? I want to try to get a couple of things sorted out here. Did the district court properly treat the plaintiff's claims as facial? Yes it did but our point is that it doesn't even really matter because the constitutional standards are the same for a facial and an as applied challenge and as the district court properly held on page 11 of its class certification decision even if Ms. Santiago received notice she can still challenge the procedurally sufficiency of that notice and that's what this case is all about. The procedurally the procedural sufficiency of the notice provided in this case and whether they had an opportunity. So your challenge so the the challenge is not to the use of a sticker as opposed to mailing. The challenge is about the content of the notice whether it comes and comes on a sticker or in a letter? It's both. It's both because as we all know and there's scores of cases that that have pointed this out. A mailed notice is a much more reliable manner of providing notice and simply placing a sticker on a vehicle which people oftentimes don't visit on a daily basis or in the city of Chicago on a weekly basis. If your if your challenge is facial to the use of a sticker to satisfy the standard the supreme court announced in Salerno you have to you have to show do you not that there is no set of circumstances there's not one plaintiff that you can even hypothesize whose due process rights would have would not have been violated because the city used a sticker and that I I don't see how that how you could possibly prevail there. Well the reason we had phrased this challenge as a facial challenge is is simply because the the tow ordinance itself which is municipal code of Chicago 9-92-030D Are you sure that you presented it as a facial challenge because at the motion to dismiss stage the judge treated it as as applied at the 12b6 stage and I have your complaint in front of me and what you're what you're talking about with respect to pre-deferration hearings and what have you that unless I'm missing it you can Well the reason we hold on am I mistaken about that have I have I misread your complaint uh no your honor and perhaps we didn't use those words but uh we believe that the way it was presented as a challenge to this ordinance um and if I recall it correctly I don't have the complaint in front of me but but I do I recall um the the wherefore clause I believe we're seeking to to declare the ordinance unconstitutional I that's my recollection Right right I get I get that at the at that at that level of generality but but whether you're talking about what precisely is unconstitutional is it the use of a sticker as opposed to a piece of paper that goes through the U.S. mail or is it no no it doesn't have anything to do with the use of a sticker it's it's about the content of the notice it is both and and let me let me try to explain this our position had the city mail the the exact replica of the sticker notice to miss Santiago we would still view that as insufficient because the the window sticker says nothing about how you can obtain a hearing or otherwise contest the finding of a game you would view that as facially unconstitutional so in 100 of the cases with 100 of the plaintiffs that we could hypothesize it's unconstitutional so let me give you example the plaintiff I have in mind a plaintiff who receives the exact content of the sticker in a letter and then calls the telephone number that's on the sticker and is in the letter under the hypothetical how that that's unconstitutional so if that if if you're reluctant to say yeah that's unconstitutional which I understand then it then it seems it's it's entirely as applied and if it's as applied don't you run into the issue that Mr. Morales Doyle was pointing out with respect to Miss Velez's interaction with Miss Santiago about what she learned well even assuming it's as applied it would still not matter because as the district court properly found even if they received the notice they can still challenge the procedural sufficiency of the notice and that kind of goes to my point of even if this window sticker was mailed to Miss Santiago we would still pursue a due process violation and I do believe I do believe that if someone is sent a deficient notice that does not meet the standards of due process that yes that is unconstitutional and if that individual happened to call the office or some uh was able to avoid getting their car towed well then they hadn't been they haven't been uh they haven't suffered as a result of the constitutional violation but that doesn't mean that there wasn't a due process violation that just means they're you're gonna you might you may be digging yourself a hole you don't intend how does your client have standing as a matter of as a matter of article three in other words how do we have subject matter jurisdiction because we're challenging the sufficiency of the notice uh this this notice practice in its totality and again what we're focused on here hold on hold on hold on if our if we're agreeing that Miss Velez informed her mother the named plaintiff Miss Santiago of the sticker and of the uh pound issue the disposal how was your how was your client injured because even if she was alerted to this window sticker there was no opportunity for a pre-deprivation hearing that is the gist of our complaint okay what paragraph of your complaint I have it in front of me well you can I don't want to consume all your time but I don't read I don't read your complaint that way if you yeah if you let me if maybe when after if you give me 30 seconds of additional time then I could I could point you in the direction but the case has always been about lack of notice and pre-hearing deprivation if you look at both the briefs on the motion to dismiss and even the city acknowledges that this case is governed by the Matthews test which which that test is relevant to whether a pre-deprivation hearing is required under the circumstances and that was the main issue on the motion to dismiss it was the main issue decided in the ruling on the motion to dismiss and we believe that that's not another we believe that that is what this case is all about it's not just notice it's not just notice that we thought your car was abandoned it's it's the failure to provide for a pre-deprivation hearing before you take someone's property the constitution and depending on the circumstances requires a pre-deprivation hearing and that's what this case is about and if you do the Matthews test which the district court did on the motion to dismiss um it was decided that their pre-deprivation don't note uh freedom of pre-deprivation hearing was required under the circumstances of this case and that's what the issue is which is common to the class it's the most significant issue in the in the case and if we're correct and the Matthews test dictates or requires a pre-deprivation hearing well then that ruling will apply to every single class and that's why this is the class case and again i just i think i kind of hit on this point already but you did mention the article freestanding and um and again our point on that and the dispute here what's in dispute is not just whether miss santiago saw a piece of paper or was alerted to a piece of paper but what was the process that was provided for for her and the other members of the class that was certified and that is were were any of these members notified whether it was via a window sticker or mail notice or any other means of a of a hearing prior to the government taking their vehicles and the answer to that question is no and that is a common issue to everyone and that's what we're challenging in this litigation and we believe this case is very very similar if not on point to the memphis light decision because in that case there was a notice sent to uh the customers at issue informing them that i believe is their electricity would be shut off if they didn't pay their bills or what have you but what the notice failed to inform the customers of was an internal administrative process to dispute um that process and the supreme court found that the failure to include that information rendered the notice insufficient under the due process clause and that's what we have here we have a notice whether it was window sticker or the complete lack of a mail notice that fails to advise a vehicle owner that uh that they can have a pre-deprivation hearing in fact the practice is not even to provide a pre-deprivation hearing for people without uh valid register or current registration and even if you look at the other cases that have interpreted memphis like like west covina etc those decisions only state that if those types of procedures are already embodied in an ordinance or a statute they don't need to be included but again here there is no ordinance there is no statute there's no publicly available means to uh that would alert plaintiffs and other members of this class that they could have a pre-deprivation hearing and in fact according to miss hennessey the city's own representative they don't even provide for hearings for those individuals mr zolna i i've i read your complaint before oral argument i just skimmed it i'm not sure the words pre-deprivation hearing appear anywhere in it i may be wrong about that and maybe while your adversary is rebutting you can do a pull it up in microsoft word and do a find and point me to where that language is at and the reason that's important is because it changed it may change the substance of your position entirely and that's the reason i'm pressing you on it i'm not pressing you on it to give you a hard time because i'm pressing you on it because i think that may be a much more substantial issue than this issue about stickers and mailings and what have you and so i'm worried that you may have you may have your finger on something but that that something's not in your complaint it's not been presented to the district court um i like i said i can't speak right now i just would have to look to the what we do cite is some decisions in our complaint including um i believe perry v village of arlington heights is one and in that case it talks about the opera not just notice but notice an opportunity for hearing so to the extent our complaint uh may not use the word pre-deprivation hearing we we rely on i think i believe they're cited in the complaint uh cases that talk about notice and pre-deprivation hearing i can tell you that the briefing on our motion the city certainly understood that to be our complaint because when they moved to dismiss uh the complaint they that's what they're they focused on they focused on lack of hearing they focused on the matthews test and that was that's what consumed the briefing on the motion to dismiss and the resulting decision so um if the complaint doesn't say something specifically i can certainly tell you that it was certainly provided notice to the city of what our claim was and i believe i'd like to double check but i believe we cite some cases in the complaint itself um that kind of i guess incorporate the the notice and pre-deprivation hearing uh issue and everyone knew including the city and the district court when it ruled on the motion to dismiss that that was what our claim is all about and it's only now on class certification that everyone kind of at least the city has kind of ignored that part of the case and has just said look she got a piece of paper case over but that's never been our case you could send someone a notice that's 50 pages long but if it doesn't allow for a pre-deprivation hearing it still violates due process and that's what we're challenging so do you read the district court opinion to have certified two classes about the due process issue of a lack of hearing no no the so far isn't that what we're so that's what's on appeal though no no no let me clarify the this is only the tow class the tow class has brought a due process claim the vehicle disposal class is not a due process claim uh it's it's not about whether someone actually received notice or not because it's undisputed that both plaintiff and every single member of the class received the same uh pre-disposal notice post-toe pre-disposal notice in the same form and in the same manner and the only reason uh notice is brought up in connection with that claim is uh for purposes of bringing the takings claim outside the purview of the police powers under the supreme court's decision in venice and in venice typically the the city would have uh the right to confiscate a vehicle if it's if they view it in violation of some um law but so i don't let's go back to the tow class so so is it your view that the district court construed the heart of the allegation with the tow class to have nothing to do with stickers and mail and everything to do with pre-deprivation hearings and if so where do you see that in the district court opinion well i see it on page 11 where the this the notice argument is kind of the the the main argument of the city miss uh her daughter saw this window sticker that's the city's main defense they obviously raised that in the district court and the district court disposed of that issue by saying look it doesn't matter this is on page 11 of the district court decision even if miss santiago received notice through miss bles she still can challenge the procedural sufficiency of that notice and he cites to memphis light which i believe is a case um on point so he did acknowledge uh the notice argument he did acknowledge that we can challenge the procedural sufficiency of it and i know for a fact i could pull the page up of our prequel where we did point out to the judge um judge cannelli that there was no uh hearing provided in the sticker notice so it doesn't really matter whether it was a sticker notice uh whether it was a lack of mailing it at the end of the day there was no hearing accorded to um miss santiago before the government took her property and i just uh i've just pulled up if you look to paragraph 10 um i do cite in the complaint these uh cases perry v village of arlington heart heights and graph the nickel there are two district court decisions that have basically found that the exact same the exact same uh process that's at issue here simply providing a window sticker with no pre-deprivation hearing violates due process and that's how we've uh patterned our case after is basically the perry and the graph decision um and by citing those in the complaint it was clear to everyone that that was the theory of our case and that was what was argued in the motion to dismiss and that's what we intend to argue at summary judgment and going forward in this case um and and like i said earlier everyone knows uh that that's the issue because that's what was litigated on the motion to dismiss and i see my time is up i i didn't get to any of the vehicle disposal arguments um i if if you give me a minute i can try to explain otherwise i look it up okay well really the vehicle disposal account i just want to clarify and the district court got it right the district court understood what this claim was it's the city that's trying to uh complete it with a due process claim or a notice claim or that we're just saying that they violated the ordinance so that's unconstitutional we're not saying any of that this case is a takings claim that simply says that by taking someone's vehicle from them selling it and keeping all the money is a taking without just compensation and typically the city would have a good defense to such a claim by arguing that they simply exercise their police power under bennett's the united states supreme court decision in bennett's the only reason anything to do with notice gets brought up is because the city fails to comply with its own municipal code in terms of providing postal notice and we're saying in that count that because the theory of our case is that because the city violated its own ordinance it was it had no statutory authority to dispose of the vehicle and therefore it takes this case outside the purview of the bennett's ruling outside the police power exception set forth in bennett's and it's undisputed again just like the vehicle tow practice that this is the exact same practice that applies to everyone the notice goes out in the same way the city admitted that and discovery responses it's the same notice they send it out the same way same content same timing and the fact that they take a vehicle and sell it and keep all the proceeds is also the same for every single class number so the city may argue that they may dispute the theory of our case but at the end of it's a it's a claim that's common to the entire class thank you thank you counsel mr morales coil i'll give you another minute as well so i'll start with the tow class again the vehicle disposal class is sort of the uh neglected of the two but i hope to reach that too but on the on the tow class the claim has again shifted it shifted from pre-litigation to the litigation to class cert to on appeal after the district court's decision and now it's changed again i don't have the complaint memorized i don't see in the complaint a claim about pre-deprivation hearing what perhaps more importantly at this point in time it's not the district court's decision at all that is not the claim that the district court considered when it certified the tow class it was about notice it was about specifically about the method of notice it was not about a pre-deprivation hearing so that's a brand new claim um and uh was it the pre-trial notice was so insufficient that it constituted a due process violation i'm sorry your honor i missed the first part of your question i said whether the pre-trial notice was so insufficient that it constituted a due process violation well that that could be a claim but that's not the claim that was uh certified which was about whether or not the city provided it by mail versus whether it provided it by sticker but i will speak to the issue because there are facts related to this um in the record already what i think council is trying to say is that people who got the mail notice which again precludes any facial challenge here because a big group of people receive both the sticker notice and the mail notice but uh the mail notice refers to a hearing ms hennessey in her in her declaration that was submitted as part of the uh class certification briefing explains what that process is and what the process is is you can either call the office and tell them that you've moved your car or you can show up at the office and tell them that you've moved your car and if you tell them that you've moved your car then they won't send a tow truck out to go get your car when the time expires if you don't tell them that you moved your car then they will send a tow truck out to get the car but if the car is not there they won't tow it so it there's no uh they haven't established any right to a pre-deprivation hearing here the way you avoid an abandoned a seven-day abandoned vehicle tow which miss bella has understood when she received the sticker notice is you move your car within the time period they try to make this in their brief an issue about what is apparently deserted mean but there's actually been a couple different cases in the district court in years past that address what that means and reject vagueness challenges what it means for your car to be apparently deserted is that there was a complaint about it an investigator goes out and sees your car on the street where it was complained of they give you a notice and say you have to move your car within seven days or it's going to be towed if you do not respond to that notice by moving your car and it is apparently deserted one more point just to clarify the record on the issue of a hearing the city provides a post deprivation hearing for these tows the notice that miss that was sent to miss santiago in the mail explains how you pursue an administrative hearing to contest that hey my car shouldn't have been towed and there's no first there's no record that miss santiago pursued a hearing here in fact she didn't um and and there's no in this new claim that's now been raised no discussion of why the post deprivation hearing wouldn't be sufficient regardless the issues of actual notice and whether or not people contested not to mention administrative exhaustion issues we're all going to come up with that if that's the issue if that's the new claim but in any event it's not the claim that the district's court certified the tow class for quickly on the facial challenge issue i think it's clear that it's not a facial challenge and i think we've explained that um council gave an explanation for why it doesn't matter because the same analysis applies but the the error in the district court's decision is that the court used the idea that it was a facial challenge to say hey all individual issues are now irrelevant and skip by the predominance analysis and it's required to be a rigorous analysis he listed the individual issues the city raised and skipped right by them based on the idea that a facial challenge means they are irrelevant they're not irrelevant that was a wrong conclusion on top of the wrong conclusion that this was a facial challenge then on the issue of what the actual uh hearing is it's records uh 73-1 and it's page id 589 to 90 is where she describes how you avoid a tow a seven-day abandonment tow which is the same whether or not you receive the sticker notice or a mail notice or both um on the vehicle disposal class uh what again the district court's errors somewhat tracked the the errors that the district court made for the tow class because a lot of what the district court's decision does is sort of refer back to uh to its previous discussion of the tow class in discussing the vehicle disposal class so for instance the court seems to have assumed that it didn't have to address individual issues because it was a facial challenge again even though on the vehicle disposal class even plaintiffs never contended it was a facial challenge um and what i think what i think that pattern of uh sort of similar errors is rooted in is there is this sort of uh parallelness between the two claims and it's because the second claim although plaintiff goes to great lengths to avoid it at its heart really would be a due process claim because her complaint is that the city didn't send it's about the notices that the city mailed to her pre-disposal she doesn't want to bring a due process claim because you can't base a due process claim on an alleged non-compliance with a state statute the Archie uh decision and a group of other decisions we've discussed in our in our brief get to that point so she doesn't have a due process claim there so instead she says it's a takings claim or an unjust enrichment claim but but what i don't see in their briefs and i didn't hear today is another is a case they can point to where there's a takings claim that's not strictly complying with the statutory provision whether it's a notice provision or some other provision that because the state or the government didn't comply with some statutory requirement then what otherwise would be some other government our exercise of government power all of a sudden becomes an unconstitutional taking bennis addresses this and interestingly uh the dc circuit in a case cited in our reply brief used venice to reject just such a takings claim in the disposal and impoundment um context and again we're sort of getting into the merits of these claims and whether or not she can she has standing to bring these claims or whether these claims um as presented are uh can't you know are valid legal uh but what it gets at on the uh class certification issue is that the issue the common issue that the district court identified which is the adequacy of this uh two notices on one day procedure no one's ever explained why that is going to be an issue at a trial of of um you know a multitude of individual takings claims why that would impact the analysis of a takings claim or why um individual issues wouldn't predominate on a trial of unjust enrichment claim your time has expired thanks to both council uh uh judge sweater do you have any anything further for mr zillion no thank you judge scatter i do i can point to one paragraph of the complaint if you'd mind because you did ask if i could do that and i i could point you to paragraph 11 of our complaint in which we kind of summarize our claim we go through the cases and everything and then we say in short the city takes vehicles with no warning or opportunity to contest the claim of abandonment prior to seizure i think that is the gist of our claim in fact that's the summary of our claim and our complaint and that's what we've been litigating for the past two years thank you thanks to both council and the case is taken under advisement the court will be in recess for 10 minutes